IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DRB CAPITAL, LLC, as assignee<br>and successor-in-interest of<br>My Lump Sum, LLC<br>1625 S. Congress Avenue, Suite 200<br>Delray Beach, FL 33445<br><br>                Plaintiff,<br>vs.<br><br>CHARNESE SETTLES<br>4453 B Street S.E.  Apt. 2<br>Washington, D.C. 20019<br><br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>213 Washington Street, 8th Pl.<br>Newark, New Jersey 07103<br><br><u>SERVE REGISTERED AGENT</u><br>c/o CT Corporation System<br>1015 15th Street NW, Suite 1000<br>Washington, DC 20005<br><br>and<br><br>PRUDENTIAL ASSIGNED<br>SETTLEMENT SERVICES<br>CORPORATION<br>213 Washington Street, 8th Pl.<br>Newark, New Jersey 07103<br><br><u>SERVE REGISTERED AGENT</u><br>c/o CT Corporation System<br>1015 15th Street NW, Suite 1000<br>Washington, DC 20005<br><br>                Defendants. | Civil No. _____ |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Comes Now the Plaintiff, DRB CAPITAL, LLC, as assignee and successor-in-interest of My Lump Sum, LLC ("DRB") by and through the undersigned counsel, Elyse L. Strickland, and Offit Kurman, P.A., and as and for its Complaint for Declaratory Judgment pursuant to Title 28 U.S.C. § 2201 and D.C. Super. Ct. R. Civ. P. 57, state as follows:

1. That Plaintiff, DRB, is a limited liability company with its principal place of business located in Delray Beach, Florida.

2. That Charnese Settles, upon information and belief, is a resident of the District of Columbia.

3. That Defendant, Prudential Assigned Settlement Services Corporation, is a corporation organized, upon information and belief, under the laws of the state of New Jersey, and licensed to transact business in the District of Columbia.

4. That Defendant, Prudential Insurance Company of America, is a corporation organized, upon information and belief, under the laws of the state of New Jersey, and licensed to transact business in the District of Columbia.

5. That on or about December 18, 2015, MyLumpSum, LLC ("MyLumpSum") filed a Petition for Court Approval of a Transfer of Structured Settlement Payment Rights in the Circuit Court for Fairfax County Virginia, Case No. CL 2015-17148 (the "Structured Settlement Petition"). At the time of the filing of the Structured Settlement Petition, Ms. Settles was a resident of the Commonwealth of Virginia.

6. That in the Structured Settlement Petition, MyLumpSum requested that the Court make the findings required under Va. Code Ann. §59.1-476 and to authorize the transfer of structured settlement payment rights from Ms. Settles to MyLumpSum. *See* Structured Settlement Petition attached hereto as **Exhibit A.**

7. That the Virginia Structured Settlement Protection Act, Va. Code Ann. § 59.1-475 *et seq.* (the "Virginia Act"), specifically requires that a court expressly find that a proposed transfer "does not contravene any applicable statute or the order of any court or other government authority."

8. That on February 8, 2016, the Court issued a final order approving the Structured Settlement Petition (the "Final Order"). The Final Order is conditioned upon approval by a court of competent jurisdiction also approving the transaction so that the transfer will not contravene any applicable federal or state statute or the order of any court or responsible governmental or administrative authority." Emphasis added. *See* Final Order attached hereto as **Exhibit B.** [1]

9. That the Final Order contains this provision because Prudential Assigned Settlement Services Corporation ("Structured Settlement Obligor") and Prudential Insurance Company of America ("Annuity Issuer") opposed the Structured Settlement Petition based on an anti-assignment provision contained within the underlying Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Order Approving Settlement") between Ms. Settles and the Structured Settlement Obligor. *See* Order Approving Settlement attached hereto as **Exhibit C.**

10. That the Virginia Court approved the transfer finding that the structured settlement transfer is in the best interest of Ms. Settles, taking into account the welfare and support of her dependents.

11. That the sale and transfer of Ms. Settles' payments to DRB does not prejudice Structured Settlement Obligor or Annuity Issuer's rights, obligations, or interests with respect

---

[1] The Final Order provides that approval must be obtained by the Superior Court for the District of Columbia; however, the underlying Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 was approved by this Court.

to the Structured Settlement Agreement, but rather merely requires Structured Settlement Obligor and Annuity Issuer to direct payments to DRB and/or its assignees on the date each such payment becomes due instead of sending them to Ms. Settles.

12. That this Court has the jurisdiction and authority to issue a declaratory judgment so as to declare that the Final Order does not does not contravene any applicable statute or the order of any court or other government authority as required by the Virginia Act.

**WHEREFORE,** DRB CAPITAL, LLC, as assignee and successor-in-interest of My Lump Sum, LLC, respectfully moves the Court to adjudge and declare that the Final Order of the Circuit Court for Fairfax County to not contravene any applicable federal or state statute or the order of any court or responsible governmental or administrative authority, and that the Court will grant such additional relief as it may determine to be appropriate under the circumstances of this matter.

Respectfully submitted,
OFFIT KURMAN, P.A.

/s/
Elyse L. Strickland, Esquire (Bar No. 453264)
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Tel. (240) 507-1700
Fax (240) 507-1735
Email: estrickland@offitkurman.com
*Counsel for* DRB CAPITAL, LLC, as assignee and successor-in-interest of My Lump Sum, LLC

4823-3005-2918, v. 1